NEVA S. McMULLAN, PLAINTIFF v. FRED W. GURGANUS, DEFENDANT AND J. VERNON GURGANUS AND DORIS GURGANUS, SURETIES

No. 812SC394

(Filed 5 January 1982)

**Principal and Surety § 1— surety bond—failure of language to make bond conditional**

A provision in a bond noting "defendant desires to give bond to stay execution" did not make the bond a conditional one. The statement expressing defendant's desire to stay execution against him was insufficient to give plaintiff notice that the sureties' promise was conditioned upon such stay.

APPEAL by sureties from *Brown, Judge.* Judgment entered 26 November 1980 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 19 November 1981.

This case involves a bond executed by the sureties (J. Vernon Gurganus and Doris Gurganus) in plaintiff's favor, in which they bound themselves to pay the amount of the judgment plaintiff had obtained against sureties' son, defendant Fred W. Gurganus, if he did not pay.

Plaintiff's complaint alleged that defendant executed a promissory note to North Carolina National Bank (NCNB) in the principal amount of $10,000. NCNB assigned the note to plaintiff. Plaintiff sought judgment against defendant for the outstanding balance due on the note plus interest.

In his answer, defendant admitted that he owed the valid holder of the note one-half of the outstanding balance. Defendant filed a third-party complaint against Mary Tucker McMullan, plaintiff's daughter. In this complaint, defendant alleged that he and third-party defendant were partners in a business that had since dissolved and that the funds from the promissory note were used in the operation of the partnership. Defendant sought recovery from third-party defendant for one-half of the amount of any judgment plaintiff might obtain against defendant.

Defendant's motion to consolidate this action with another suit brought by plaintiff and pending in District Court was denied. The District Court action was similar to the case *sub judice* but involved a different promissory note.

Plaintiff's motion for summary judgment was granted on 11 February 1980, and plaintiff was awarded a recovery of $12,601.60 from defendant. Summary judgment for plaintiff was also granted in the similar District Court case.

Plaintiff filed an application seeking to charge defendant's interest in a partnership known as Dockside Investments with payment of the unsatisfied judgment in the District Court case. The court continued the hearing on plaintiff's application, at defendant's request and upon his posting a bond, until after the May 1980 Civil Session of Superior Court.

On 17 April 1980 defendant's parents, J. Vernon and Doris Gurganus (hereinafter "sureties") executed a bond in which they agreed to be bound to pay plaintiff the amount of her judgment against defendant in the event he did not pay plaintiff.

Defendant's motion to stay execution of the judgment was denied. After execution against defendant had been issued and returned *nulla bona*, plaintiff moved to have the sureties' liability on the bond be adjudged absolute. Sureties responded that their intent, as shown on the face of the bond, was to post bond in order to stay execution against their son, the defendant. They alleged that plaintiff breached the conditions of the bond by issuing an execution. Sureties filed supporting affidavits and asked that plaintiff's motion be denied.

On 26 November 1980 judgment was entered on the bond against the sureties. From that judgment, the sureties appeal.

*McMullan & Knott by Lee E. Knott, Jr., for plaintiff appellee.*

*Herman E. Gaskins, Jr., for sureties appellants.*

CLARK, Judge.

The sureties present one argument for consideration. They contend that they are not liable on the bond because the bond was conditioned upon a stay of execution against defendant's property, and plaintiff later breached that condition by executing on the judgments.

The bond contained the following language:

"Whereas the above-named plaintiff instituted suit against the defendant and said suit resulted in a judgment for the plaintiff in the amount of $11,931.51;

And whereas, the defendant desires to give bond to stay execution;

We, and each of us, acknowledge ourselves bound unto Neva S. McMullan, the plaintiff herein named in this action, in the sum of $11,931.51 together with the cost of this action and interest thereon from February 11, 1980, to be void, however, if the within named defendant, Fred W. Gurganus, shall pay said sum to Neva S. McMullan, the plaintiff.

Witness our hands and seals this 17th day of April, 1980.

s/ J. VERNON GURGANUS (SEAL)
s/ DORIS W. GURGANUS (SEAL)"

A surety is a person who is primarily liable for the payment of a debt or performance of an obligation of another. A surety's liability is independent of any default by the debtor. *Trust Co. v. Creasy*, 301 N.C. 44, 269 S.E. 2d 117 (1980). "Where a surety seeks to avoid liability on the ground that his undertaking was delivered conditionally and the conditions were not performed, the courts ordinarily apply one of two rules, depending on the facts presented: When the surety's undertaking is complete and regular on its face and the obligee has no notice of conditions imposed by the surety, the surety will be liable; on the other hand, when the undertaking is so incomplete on its face as to suggest nonperformance of some condition imposed by a surety, it carries notice to the obligee and relieves the surety." 74 Am. Jur. 2d *Suretyship* § 124 at pp. 87-88 (1974).

The language used in the bond executed by sureties clearly binds sureties to pay plaintiff in the event their son, the defendant, fails to pay the judgment. The only question is whether the language "And whereas, the defendant desires to give bond to stay execution" is sufficient to give plaintiff notice that sureties intended their liability to be conditioned upon stay of execution of the judgment against defendant. We think that this statement expressing *defendant's* desire to stay execution against him is insufficient to give plaintiff notice that the sureties' promise was conditioned upon such stay.

It is evident from the record that the bond was to be executed for the purpose of inducing the court's continuance of the hearing on plaintiff's application to charge defendant's partnership interest. The order of Judge Ward dated 31 March 1980 contains the following language:

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that upon the posting of a bond with sufficient surety to secure the aforesaid judgment debt of the defendant to the plaintiff no later than April 2, 1980 that the hearing upon the plaintiff's application be continued until after the May, 1980 Civil Session of Superior Court of Beaufort County."

There was no motion for a stay of execution pending at the time the bond was filed on 17 April 1980. On that date, the court issued an order in which he stated that the "defendant has this date posted a bond with good and sufficient surety as specified in the order heretofore entered March 31, 1980." Therefore, it was ordered that the hearing on plaintiff's application be continued. By affidavit dated 17 November 1980, plaintiff's attorney averred that he agreed to the continuance of the hearing based upon defendant's representations that defendant's parents owned several tracts of property and would execute the bond. He also averred that plaintiff was not notified by defendant that the bond was for any purpose other than the one on which the parties had agreed: to continue the hearing on the application.

On the other hand, defendant's attorney by affidavit averred that plaintiff prepared and submitted the order for continuance and an unconditional bond, that he would not let the sureties execute the unconditional bond but prepared the conditional bond which was executed by them and filed with the court.

The record does not disclose that plaintiff or her attorney had any notice of the execution of the substituted bond, or that plaintiff understood or agreed to accept such bond. Regardless of any misunderstanding between the parties or their counsel, we find the provision in the bond that "defendant desires to give bond to stay execution" did not in fact make the bond a conditional one.

The judgment holding the sureties liable on the bond is

In re Foreclosure of Deed of Trust

Affirmed.

Judges WHICHARD and BECTON concur.